# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEPHANIE L. ADCOCK**　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　**No. 4:21-cv-669-DPM**

**SAINT JEAN INDUSTRIES, INC.**　　　　　　　　**DEFENDANT**

## PROTECTIVE ORDER

**1.** This Agreed Protective Order shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party, person, or entity.

**2.** The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    a. Any and all documents referring or related to confidential and proprietary human resources information, including human resource investigations, or business information, and all financial records of the parties;

    b. Any documents from the personnel, medical or workers' compensation file of any current or former employee;

    c. Any documents relating to the medical and health information of any of Defendant's current or former employees, including the plaintiff's medical records;

d. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

**3.**   In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "<u>CONFIDENTIAL</u>" or otherwise expressly identified as confidential.  Each counsel will use his or her best efforts to limit the number of documents designated Confidential.

**4.**   Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

**5.**   Qualified recipients shall include only the following:

a. The Court and its staff in this case and in any appeal therefrom;

b. The named parties in this litigation, including officers and representatives of corporate parties;

c. Counsel of record for the parties in this case, including in-house counsel responsible for the litigation;

d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the

supervision of said counsel who are actively engaged in assisting such counsel in this action;

e. Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

f. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing or on the record, or whom the Court direct shall have access to such information; and

g. During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

**6.** Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of those materials or any portion of the deposition transcript reflecting the Confidential Information.

**7.** No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

**8.** All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

**9.** Counsel should confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after such objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will

not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

    **10.**    The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential," and any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

    **11.**    Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

    **12.**    Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

    **13.**    This Order will remain in effect until one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts, along with any copies of those materials. Alternatively, the parties may

destroy the materials and certify to counsel that they have been destroyed. Counsel for the parties may retain confidential information in their files, subject to this Order.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 September 2022

**Approved for Entry:**

Penny Choate Agee, Ark. Bar. No. 2001104
Choate Law Firm, PLLC
515 South Main Street
Searcy, AR 72143
Telephone: (501) 305-4442
pennychoate@pennychoatelawfirm.com

*Attorney for Stephanie L. Adcock*

and

Kathlyn Graves, Ark. Bar No. 76045
Benjamin D. Jackson, Ark. Bar No. 2006204
Cara D. Butler, Ark. Bar No. 2019182
Mitchell, Williams, Selig, Gates & Woodyard PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8831
kgraves@mwlaw.com
bjackson@mwlaw.com
cbutler@mwlaw.com

*Attorneys for Saint Jean Industries, Inc.*