## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**STEPHANIE L. ADCOCK**                                          **PLAINTIFF**

**v.**                          **No. 4:21-cv-669-DPM**

**SAINT JEAN INDUSTRIES, INC.**                          **DEFENDANT**

### ORDER

Adcock worked as a heat treat manager for Saint Jean from October 2018 to January 2020.  She says that during that time, her supervisor sexually assaulted and harassed her.  She also says Saint Jean's investigation into her complaint to human resources wasn't done in good faith and that her reassignment to the purchasing department after the investigation was retaliatory.  She filed a charge with the EEOC on 23 January 2020.  After the EEOC issued a dismissal and notice of suit rights, Adcock brought sex discrimination claims under Title VII and the Arkansas Civil Rights Act, as well as an outrage claim.  Saint Jean moves for summary judgment, saying that most of Adcock's claims are untimely and none are supported by the record.  With one exception, the parties agree on the material facts.  *Doc. 29 & 34.*  Where some real dispute exists, the Court takes the record in the light most favorable to Adcock.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

The deep issue is whether a continuing violation theory applies to Adcock's discrimination claims. Saint Jean argues that any conduct that occurred before 27 July 2019—180 days before Adcock filed her EEOC charge—cannot be considered. The Court agrees. The harassing acts that occurred before the filing period—the alleged sexual assault and daily unwanted touching and kissing—are substantially different than those that occurred during the filing period—the HR manager's comments about the investigation and Adcock's reassignment. *Wilkie v. Department of Health and Human Services*, 638 F.3d 944, 951-52 (8th Cir. 2011).

Considering only those actions that occurred during the 180-day filing period, Adcock's discrimination and retaliation claims fail as a matter of law. She says that after Saint Jean's investigation, she was removed from her managerial position, placed in the purchasing department, and had her company cell phone taken away. But changes in duties or working conditions that cause no materially significant disadvantage are not adverse employment actions. *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994). Adcock's pay and benefits remained the same. She did not need a cell phone to do the new job. And the new position eliminated most of her contacts with her former manager. Adcock has not offered sufficient evidence of materially significant disadvantages in the job change. She also says that when she requested FMLA leave, Saint Jean sent her a letter

be granted.  But the FMLA allows employers to require an employee to get a second opinion when requesting leave.  *Stekloff v. St. John's Mercy Health Systems*, 218 F.3d 858, 860 (8th Cir. 2000).  She also says that being required to pay her hospital bill for the drug screen after she fainted at work and hit her head was discrimination and retaliation for her allegations against her supervisor.  But it's undisputed that the employee who Adcock said should have gotten her hospital bill paid was unaware of her allegations or Saint Jean's investigation.  *Wolff v. Berkley Inc.*, 938 F.2d 100, 103 (8th Cir. 1991).

Similarly, Adcock was not subject to a hostile work environment or constructively discharged after she moved to the purchasing department.  Silence from coworkers and the possibility of an occasional encounter with her former supervisor are not conditions severe or pervasive enough to create an intolerable working environment.  *Scusa v. Nestle U.S.A. Co., Inc.*, 181 F.3d 958, 967 (8th Cir. 1999).

All that remains is Adcock's outrage claim.  The Court declines to exercise supplemental jurisdiction over that state law matter.  28 U.S.C. § 1367(c)(3);  *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015).

\*     \*     \*

Saint Jean's motion for summary judgment, *Doc. 27*, is granted.  The motions *in limine*, *Doc. 39, 41, 43, 45, 47 & 49*, are denied as moot.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

20 April 2023